## H. Perilstein Co. v. Lake
## Lake v. Elkish

*Frank Greenberg,* for plaintiff.

*Lewis Kates* and *Sylvan Einhorn,* for defendant.

HAGAN, J. May 25, 1970.—There are before the court two consolidated actions which arise from the following factual situation:

Jules Elkish was the tenant and Leonard M. Lake the landlord of a store in which Elkish conducted his business under a Form 50 lease. During the term of the lease a brick was thrown through the plate glass window of the store and some of the merchandise of Elkish was stolen. The window was replaced by H. Perilstein Co.

In one action, Perilstein sued both Elkish and Lake for the cost of the repairs to the window. That case

was heard by a board of arbitrators which found for Perilstein against Lake and in favor of Elkish, and that case is now before us on appeal.

Lake then confessed judgment against Elkish under the lease. Elkish filed a petition to open the judgment and the judgment was opened and Elkish permitted to enter a defense.

These two actions, to wit, the action by Perilstein against Lake and Elkish and the action of Lake against Elkish on the opened judgment, were consolidated for trial and tried before the undersigned.

In the action of Perilstein against Lake and Elkish, it is clear that the replacement of the window was ordered by an agent of Lake on Lake's behalf and not by Elkish. While Elkish did sign a document submitted by an employe of Perilstein, this was after the completion of the work by Perilstein and was merely an acknowledgement that the work had been completed. In this action, therefore, we find for Perilstein against Lake in the sum of $1,640.96, and in favor of Elkish.

In the action by Lake against Elkish under the lease agreement, the controlling portion of the lease is paragraph 8(b), which requires the tenant Elkish to "Keep the demised premises clean and free from all ashes, dirt, and other refuse matter; replace all glass windows, doors, etc., broken; keep all waste and drain pipes open; repair all damage to plumbing and to the premises in general; keep the same in good order and repair as they are now, reasonable wear and tear and damage by accidental fire or other casualty not occurring through negligence of Lessee or those employed by or acting for Lessee alone excepted. The Lessee agrees to surrender the demised premises in the same condition in which Lessee has

herein agreed to keep the same during the continuance of this lease."

In the first instance, it will be noted that the above-quoted provision of the lease requires the tenant to "replace all glass windows . . . broken." While a later clause of paragraph 8(b) contains an exception for "fire or other casualty," it would appear that this phrase modifies the clause immediately preceding it and not the clause requiring the tenant to replace glass windows.

In any event, it is not necessary for us to decide this question, since we conclude that the term "other casualty" is inapplicable to the facts of the instant case. The only reasonable inference to be drawn is that the plate glass window was intentionally broken as part of a robbery committed at the premises of Elkish. We conclude that this does not constitute "other casualty": Frangie v. Solomon, 7 D. & C. 2d 394, and the cases cited therein.

Having concluded that it was the obligation of the tenant Elkish to replace the plate glass window, the cost of said replacement became due as additional rental. The landlord, Lake, was, therefore, authorized to confess judgment against Elkish, under paragraph 16 of the lease, for the cost of replacing the plate glass window, together with interest. While the confession of judgment included an attorney's fee for services rendered in defending the action brought by Perilstein against Lake for the cost of replacing the plate glass window, this was improper and cannot be included in our verdict for Lake against Elkish. We have already found that it was Lake who was obligated to Perilstein and not Elkish. Lake, therefore, should not have defended the action by Perilstein but rather should have paid Perilstein and charged that sum to Elkish as additional rental.

For the foregoing reasons, we make the following findings:

(1) In the case of H. Perilstein Company against Leonard M. Lake and Jules Elkish, we find for Perilstein against Leonard M. Lake in the sum of $1,640.96, representing the amount of the principal of the claim, $1,258.74, with interest thereon from May 3, 1965, and for Jules Elkish.

(2) In the case of Leonard M. Lake versus Jules Elkish, we find for Leonard M. Lake in the sum of $1,640.96.